**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| MICKEY ALEXANDER | : | |
| PETERSON, | : | CRIMINAL ACTION NO. |
| Movant, | : | 2:02-CR-27-RWS-JCF-1 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:18-CV-197-RWS-JCF |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court for final consideration of Movant's 28 U.S.C. § 2255 motion to vacate.  By way of background, on July 21, 2005, Movant pled guilty in this Court to three counts of armed bank robbery (one committed in the Northern District of Georgia and two committed in the District of South Carolina), in violation of 18 U.S.C. § 2113(a) and (d), and to possessing a firearm during one of the South Carolina armed bank robberies, in violation of 18 U.S.C. § 924(c).  On November 21, 2015, this Court sentenced Defendant to 216 months of incarceration on the Georgia armed bank robbery, to run concurrently to 216 months on the two South Carolina armed bank robberies, to be followed by 84 months of incarceration (consecutive) on the South Carolina § 924(c) offense, for a total term of imprisonment of 300 months (or 25 years).  [Doc. 52].  The sentence this Court imposed under §

924(c) was enhanced based on the fact that Movant brandished a firearm during and in relation to a crime of violence.  See § 924(c)(1)(A)(ii).

In his § 2255 motion, Movant contends that after Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), his armed robbery convictions no longer count as a crimes of violence under § 924(c) and that his § 924(c) conviction must be vacated.  In Johnson, the Supreme Court held that the residual clause of the definition of violent felony in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  Johnson, 135 S. Ct. at 2557-58, 2563.  The Court clarified that it did not call into question the application of the elements clause and the enumerated crimes clause of the ACCA's definition of a violent felony.  Id. 135 S. Ct. at 2563; see In re Fleur, 824 F.3d 1337, 1339 (11th Cir. 2016).  In Dimaya, the Court held that 18 U.S.C. § 16(b), which provides the definition of "violent felony" as used in the Immigration and Nationality Act, is unconstitutionally vague.  Neither Johnson nor Dimaya apply directly to Movant's § 924(c) conviction.

However, in the recent case of United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause definition of "crime of violence" under § 924(c)(3)(B) is unconstitutionally vague.  As in Johnson, however, the Court did not strike down the elements clause of § 924(c)(3)(A).  Accordingly, to the degree

AO 72A
(Rev.8/82)

that Petitioner's § 924(c) sentence was imposed under the residual clause, he may be entitled to relief, but if his sentence was imposed under the elements clause, he is not.

The undersigned agrees with the Government that under <u>In re Hines</u>, 824 F.3d 1334 (11th Cir. 2016), Movant is clearly not entitled to relief.  In <u>Hines</u>, the Eleventh Circuit held that "a conviction for armed bank robbery [under 18 U.S.C. § 2113(a) and (d)] clearly meets the requirement for an underlying felony offense, as set out in [the elements clause of] § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'"  More recently, in <u>In re Pollard</u>, 931 F.3d 1318, 1321 (11th Cir. 2019), the Eleventh Circuit reaffirmed <u>Hines</u> after the Supreme Court issued <u>Davis</u> and held that <u>Davis</u> did not affect a § 924(c) conviction when the companion "crime of violence" was armed bank robbery under 18 U.S.C. § 2113(a) and (d). Accordingly, the undersigned concludes that Movant is not entitled to relief.

The undersigned further concludes that Petitioner is not entitled to a certificate of appealability.  A movant seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  <u>See</u> 28 U.S.C. § 2253(c)(1).  Rather, in order to obtain appellate review, the movant must first obtain a certificate of appealability.  <u>Id.</u>  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2); <u>see also</u> <u>Hamilton v. Sec'y, Fla. Dep't of Corr.</u>, 793 F.3d 1261, 1266 (11th Cir. 2015) (holding that "no [certificate of appealability] should issue where the claim is foreclosed by binding circuit precedent because reasonable jurists will follow controlling law.") (internal quotations omitted).  As Movant's claims are squarely foreclosed by <u>Hines</u> and <u>Pollard</u>, this Court concludes that he is not entitled to a certificate of appealability.

For the foregoing reasons, it is **RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion, [Doc. 92], be **DENIED** and that a certificate of appealability be likewise **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED**, this <u>9th</u> day of <u>September</u>, 2019.

<u>  /s/ *J. Clay Fuller*   </u>
J. CLAY FULLER
United States Magistrate Judge

4