# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| MICKEY ALEXANDER PETERSON, | : : | CRIMINAL ACTION NO. |
| Movant, | : : | 2:02-CR-27-RWS-1 |
| v. | : : | CIVIL ACTION NO. |
| | : | 2:18-CV-197-RWS |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## <u>ORDER</u>

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that Movant's 28 U.S.C. § 2255 motion to vacate be denied. [Doc. 103]. Petitioner has filed his objections in response to the R&R. [Doc. 105].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. <u>United States v. Raddatz</u>, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need

not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

As discussed in the R&R, this Court accepted Movant's pleas of guilty to three counts of armed bank robbery (one committed in the Northern District of Georgia and two committed in the District of South Carolina), in violation of 18 U.S.C. § 2113(a) and (d), and to possessing a firearm during one of the South Carolina armed bank robberies, in violation of 18 U.S.C. § 924(c).  Based on those convictions, this Court sentenced Defendant to 216 months of incarceration on the Georgia armed bank robbery, to run concurrently with 216 months on the two South Carolina armed bank robberies, to be followed by a consecutive 84-month term of incarceration on the South Carolina § 924(c) offense, for a total term of imprisonment of 300 months (or 25 years).  [Doc. 52].  The § 924(c) sentence was enhanced based on the fact that Movant brandished a firearm during and in relation to a crime of violence.  See § 924(c)(1)(A)(ii).

In his § 2255 motion, Movant contends that after Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), his armed robbery convictions no longer count as a crimes of violence under § 924(c) and that his § 924(c) conviction must be vacated.  In Johnson, the Supreme Court held that the residual clause of the definition of violent felony in the Armed Career Criminal Act

AO 72A
(Rev.8/82)

(ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. <u>Johnson</u>, 135 S. Ct. at 2557-58, 2563. The Court clarified that it did not call into question the application of the elements clause and the enumerated crimes clause of the ACCA's definition of a violent felony. <u>Id.</u> 135 S. Ct. at 2563; <u>see</u> <u>In re Fleur</u>, 824 F.3d 1337, 1339 (11th Cir. 2016). In <u>Sessions</u>, the Court held that 18 U.S.C. § 16(b), which provides the definition of "violent felony" as used in the Immigration and Nationality Act, is unconstitutionally vague. While neither <u>Johnson</u> nor <u>Sessions</u> apply directly to Movant's § 924(c) conviction, in the recent case of <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019)—decided after Movant filed his § 2255 motion—the Supreme Court held that the residual clause definition of "crime of violence" under § 924(c)(3)(B) is unconstitutionally vague. As in <u>Johnson</u>, however, the Court did not strike down the elements clause of § 924(c)(3)(A). Accordingly, to the degree that Petitioner's § 924(c) sentence was imposed under the residual clause, he may be entitled to relief, but if his sentence was imposed under the elements clause, he is not.

In the R&R, the Magistrate Judge agreed with the Government that under <u>In re Hines</u>, 824 F.3d 1334 (11th Cir. 2016), Movant is clearly not entitled to relief. In <u>Hines</u>, the Eleventh Circuit held that "a conviction for armed bank robbery [under 18 U.S.C. § 2113(a) and (d)] clearly meets the requirement for an underlying felony offense, as set out in [the elements clause of] § 924(c)(3)(A), which requires the

AO 72A
(Rev.8/82)

underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'" The Magistrate Judge further pointed out that that the Eleventh Circuit, in <u>In re Pollard</u>, 931 F.3d 1318, 1321 (11th Cir. 2019), reaffirmed <u>Hines</u> after the Supreme Court issued <u>Davis</u> and held that <u>Davis</u> did not affect a § 924(c) conviction when the companion "crime of violence" was armed bank robbery under 18 U.S.C. § 2113(a) and (d). Accordingly, the Magistrate Judge concluded, Movant is not entitled to relief.

In his objections, Movant contends that he was sentenced under § 924(c)'s residual clause and not the elements clause because the underlying crime was not bank robbery but "conspiracy to commit bank robbery and aiding and abetting." However, the record is clear that with respect to the South Carolina conviction at issue, Movant pled guilty to and was convicted of bank robbery under 18 U.S.C. § 2113(a) and (d). [Doc. 82 at 11]. Indeed, the words "conspiracy," "aiding," and "abetting" were never mentioned during Movant's plea hearing. [Id. passim]. As a result, Movant's objections are unavailing, and this Court concludes that the Magistrate Judge is correct.

Based on the foregoing, the R&R, [Doc. 103], is hereby **ADOPTED** as the order of this Court and Movant's § 2255 motion, [Doc. 92], is **DENIED**. This Court further agrees with the Magistrate Judge that Movant has failed to make "a substantial

4

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a Certificate of Appealability is **DENIED**.

The Clerk is **DIRECTED** to close Civil Action Number 2:18-CV-0197-RWS.

**IT IS SO ORDERED**, this 4th day of November, 2019.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)